637 So.2d 253 (1994)
Paul J. GEDERT, Appellant,
v.
SOUTHEAST BANK LEASING CO., Appellee.
No. 92-3190.
District Court of Appeal of Florida, Fourth District.
January 12, 1994.
Rehearing Denied June 22, 1994.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and John J. Bulfin of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellant.
Shelley H. Leinicke and Ila J. Klion of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
The plaintiff appeals a final judgment finding, inter alia, that the contingent liability policy obtained by Southeast Bank Leasing Co. (Southeast/lessor) satisfies the statutory requirement of Florida Statute 324.021(9)(b). We reverse.
This case involves a long-term automobile lease as contemplated by section 324.021(9)(b). Grannum leased a car from Southeast for five years beginning in May 1989. The lease required the lessee to obtain insurance in the amount of $100,000 per person, $300,000 per accident, and $50,000 for property damage. In March of 1990, lessee collided with another car, severely injuring a passenger, Paul Gedert. At that time, Grannum's insurance had lapsed due to nonpayment. Gedert sued lessee in negligence and lessor under a theory of vicarious liability for lessee's negligence under the dangerous instrumentality doctrine.
Gedert maintains that, although the trial court correctly ruled that Southeast is vicariously liable for any negligence caused by Grannum, the trial court erred in finding Southeast's contingent liability policy satisfied the statutory requirements of section 324.021(9)(b), Florida Statutes (1989). According to Gedert, since the lessee's policy had lapsed at the time of the accident, the statutory requirement that the lessee have insurance in effect was not satisfied, and Southeast is not exempt from liability under section 324.021(9)(b).
The issue on appeal is whether a lessor's contingent liability policy exempts it from vicarious liability under section 324.021(9)(b), when at the time of the accident, the insurance policy which the lessee is required to maintain under the lease agreement has lapsed.
Section 324.021(9)(b) provides:
(b) Owner/lessor.  Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100, 000/$300,000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the insurance required under such lease agreement remains in effect. (emphasis added).
*254 In our view, the underlined clause qualifies the exemption. The phrase "the insurance required under such lease" is a reference to the insurance policy, mentioned in the first sentence of the paragraph, that the lessee, Grannum, is required to obtain under the terms of the automobile lease agreement.
Although it is undisputed that Grannum's policy was cancelled when the accident occurred, Southeast contends its contingent liability policy satisfied the requirements of section 324.021(9)(b). Southeast's argument in favor of the trial court's interpretation rests on the holding in Kraemer v. General Motors Acceptance Corp., 613 So.2d 483 (Fla. 2d DCA 1992). Kraemer involved a case where the lessee's insurance was current and the policy limits were tendered to the plaintiff. In contrast, the lessee in this case had no insurance and therefore had no insurance policy limits to tender. Thus, we conclude Kraemer is factually distinguishable and does not support Southeast's position.
We agree with Gedert's contention that Southeast's interpretation of section 324.021(9)(b) contradicts the plain language of the statute. As explained above, the statute clearly requires the lessee to have valid insurance on a leased automobile at the time of an accident; otherwise, liability under the dangerous instrumentality doctrine reverts to the lessor. See, Abdala v. World Omni Leasing, Inc., 583 So.2d 330 (Fla. 1991); Raynor v. De La Nuez, 574 So.2d 1091 (Fla. 1991). Because the statute contains no exception to the requirement that the lessee have insurance in effect at the time of the accident, we disagree with Southeast's position that the lessor's contingent liability policy can fulfill the statutory requirement. Accordingly, we hold that Southeast's contingent liability policy does not satisfy the statutory requirement that Grannum have valid insurance at the time of the accident.
REVERSED AND REMANDED.
ANSTEAD, J., and MAY, MELANIE G., Associate Judge, concur.