SCHOONOVER, Judge.
The appellant, David J. Ady, as personal representative of the Estate of Janet A. Ady, deceased, challenges a final summary judgment entered in favor of the appellee, American Honda Finance Corporation a/k/a AHFC, a California corporation. We affirm.
The facts material to this appeal indicate that Janet A. Ady was killed as the result of an automobile accident which occurred in Lee County, Florida, on March 8,1993. One of the three vehicles involved in the accident was a Honda automobile owned by AHFC and leased to, and driven by, Robert J. Pel-ley.
*416 David J. Ady, the deceased’s husband, after qualifying as personal representative of Mrs. Ady’s estate, filed a civil action against AHFC and several others. The complaint alleged that Mrs. Ady was killed as the result of Mr. Pelley’s negligence and/or the negligence of the driver of the other vehicle involved in the accident. Mr. Ady contended that AHFC was responsible to the estate because of the dangerous instrumentality doctrine. AHFG, in addition to denying the material allegations of the complaint, affirmatively alleged that it was not liable under the dangerous instrumentality doctrine because of section 324.021(9)(b), Florida Statutes (1991).
After the action was at issue,' AHFC filed a motion for summary judgment. It contended that it was exempt from liability under the dangerous instrumentality doctrine because a policy of insurance which met the requirements for coverage set forth in section 324.021(9)(b) was in effect at the time of the accident and that Mr. Pelley was an insured under that policy. The trial court granted AHFC’s motion and entered a final summary judgment in its favor. Mrs. Ady’s estate filed a timely notice of appeal.
The appellant, relying on our sister court’s opinion in Gedert v. Southeast Bank Leasing Co., 637 So.2d 253 (Fla. 4th DCA 1994), contends that AHFC is not exempt from the dangerous instrumentality doctrine because the lessee did not obtain the insurance policy in question. The appellee, on the other hand, contends that Mr. Pelley was an insured under an insurance policy that complied with section 324.021(9)(b) and that the trial court correctly entered a summary judgment in its favor. We agree with appellee.
Section 324.021(9)(b) provides:
(b) Owner/lessor. — Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100, 000/$300,000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the insurance required under such lease agreement remains in effect.
It is undisputed in this ease that the lease was for sixty months and required the lessee to obtain insurance coverage with limits not less than those set forth in section 324.021(9)(b). The lessee did not purchase this insurance, but was an insured under a policy purchased by AHFC. This policy provided the insurance required by the statute to any lessee who did not purchase his own insurance pursuant to the requirements of the lease. The limits of the policy were tendered to the appellant.
In Gedert, our sister court held that section 324.021(9)(b) clearly requires the lessee to have valid insurance on a leased automobile at the time of an accident; otherwise, liability under the dangerous instrumentality doctrine reverts to the lessor. The court held further that the statute contained no exception to the requirement that the lessee have insurance in effect at the time of the accident, and therefore, a lessor’s contingent liability policy providing the required benefits could not fulfill the statutory requirement. The court apparently focused on insurance of the lessee rather on insurance covering the vehicle. The same court, however, in Folmar v. Young, 591 So.2d 220 (Fla. 4th DCA 1991), considered the statute in a situation involving two lessees. The Folmar court rejected a contention that the coverage referred to in the statute was per lessee and not per vehicle. The court concluded in an en banc decision that the plain meaning of the statute is that each lease agreement requires insurance in the stated minimum amounts. The court stated that it found no language indicating that each lessee must secure separate insurance coverage. According to that opinion, the owner of the vehicle is exempt from liability even if one of the lessees does not have the insurance required by the lease.
In this case the vehicle involved was insured to the limits required by the statute. The lessee Mr. Pelley was insured according *417 to those limits and AHFC was, accordingly, exempt from liability. The fact that Mr. Pelley did not purchase or pay for the insurance called for under the lease, does not change our decision.
To the extent that our sister court’s decision in Gedert would require a different result, we disagree with it.
Affirmed.
FRANK, C.J., and FULMER, J., concur.